# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 96-20540
### Summary Calendar
_____


CALVIN E. GRIMES, et al.,

                                              Plaintiffs.

CALVIN E. GRIMES,

                                    Plaintiff-Appellant,


versus


TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO;
JOHN BLAND; FRANK McCANN; SOLBERT L. BARTH;
CAROLE A. PINKETT; GEORGE LEITZ; SONNY HALL;
METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS;
TRANSPORT WORKERS UNION, LOCAL 260; and JOHN KREBS,

                                    Defendants-Appellees.



_____

### Appeal from the United States District Court
### for the Southern District of Texas
### (H-94-CV-1557)
_____

April 23, 1997


Before REYNALDO G. GARZA, DAVIS and DUHÉ, Circuit Judges.

PER CURIAM:[*]

---

[*] Local Rule 47.5 provides:  "The publication of opinions that merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to this Rule, we have

Calvin Grimes sued several defendants for alleged violations of his civil rights flowing from his removal from the leadership of Transport Workers Union Local 260 in Houston. The district court, in a careful, thorough, written opinion, granted the defendants' motions for summary judgment. Grimes appeals this decision. He raises evidentiary objections and states that genuine issues of material fact remain as to several of his claims.

*Evidentiary Issues*

Grimes first contends the district court abused its discretion in making certain evidentiary determinations. We disagree. He states the court erred in relying upon the affidavit of Frank McCann because the affidavit contained inadmissible hearsay. The district court found this argument "meritless," holding that McCann's statements were relevant to show what information the International relied upon in deciding to place the local into trusteeship and not whether that information was in fact true. We find no abuse of discretion as that evidentiary determination is sound. Grimes' objections to the remaining portions of McCann's affidavit either relate to issues not on appeal or were waived by his failure to object below. Grimes' objection that the district court erred by not ruling upon two other evidentiary objections is

determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

without merit as the court's opinion leaves no doubt that these objections were in fact ruled upon.

Grimes also renews his objection to the court's reliance upon a supplemental affidavit filed by Bruce Fickman. The district court overruled the objection without explanation and the parties failed to brief the issue for this appeal. Nevertheless, the record demonstrates Grimes' objection pertained to the district court's decision to allow the Union defendants to include a new affidavit in the summary judgment record. We review the district court's decision to admit this evidence, even if submitted without leave as Grimes suggests, for abuse of discretion. Grimes has failed to present any argument at all as to *why* this action was an abuse of discretion. Consequently, we have no choice but to affirm on this point.

*Claims against Metro Defendants*

Grimes appeals the district court's grant of summary judgment to the Metro defendants on his 42 U.S.C. § 1985(3) claim. The district court reasoned that, because Grimes failed to allege or provide evidence of the violation of some independent federal right on the part of these defendants, he did not make out a claim under this statute. We agree.

*Claims against Union Defendants*

3

The district court dismissed Grimes' 42 U.S.C. § 1981 claims against Local 260 and the individual defendants, leaving the International as the sole defendant for these claims. Using the *McDonnell-Douglas* burden-shifting framework, the district court concluded that Grimes failed to meet his burden of establishing that the legitimate reasons the International proffered for its actions were pretextual. We agree with the district court that Grimes' subjective belief about the basis for the International's actions and the recited history of Local 260's politics is insufficient to raise a fact issue which warrants a trial. This is likewise true for Grimes' remaining assertions of pretext.

Grimes' remaining claims against the Union defendants were likewise properly dismissed by the district court. It concluded that Grimes' claims arising from his removal from local office failed because his reading of the International's constitution was flawed, leaving the court without a factual issue to resolve. We believe the district court correctly interpreted the constitution, thereby rendering the International's actions entirely proper. Accordingly, there was no breach of contract. Grimes' claim that the Union defendants violated 42 U.S.C. § 1985 fails for the same reason as it did against the Metro defendants: absent an independent violation of a federal right, there is no cause of action under § 1985.

For these reasons, we affirm the district court's grant of

4

summary judgment to the defendants on all claims.

AFFIRMED.